## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MORGAN DEJESUS

    Petitioner,

v.                                                  CASE NO.  8:16-cv-1718-T-24TGW
                                                                                 8:06-cr-423-T-24TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

    Petitioner Morgan DeJesus, represented by counsel, filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on June 23, 2016. The United States filed a motion to dismiss the § 2255 motion as untimely, to which Petitioner filed a response. With the Court's permission, the United States filed a reply to Petitioner's response.  Petitioner also filed a Notice of Supplemental Authority.  After due consideration, the Court finds Petitioner's motion should be dismissed as untimely.

    Petitioner pled guilty to carrying a firearm which was brandished during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(A)(ii) (count four), and conspiracy to obstruct commerce by robbery in violation of 18 U.S.C. §1951 (count one).  The underlying offense for the § 924(c) count was the armed robbery of a Family Dollar Store in violation of 18 U.S.C. §1951 (count three). The Court

sentenced Petitioner to a term of imprisonment of 154 months on June 5, 2007. Petitioner did not file a direct appeal. Petitioner's judgment and sentence became final on June 15, 2007.

Petitioner now seeks relief under the auspices of § 2255. He claims that because the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutionally vague, a similarly worded statute, 18 U.S.C. § 924(c)(1)(3)(B), is also unconstitutionally vague, and his sentence should be set aside. Petitioner's claim for relief rests on the decision in Johnson v. United States, 135 S.Ct. 2551 (2015), in which the Supreme Court held that the residual cause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, a decision that was made retroactive on collateral review by the Supreme Court in Welch v. United States, 136 S.Ct. 1257 (2016). Petitioner seeks to extend the holdings in Johnson and Welch to 18 U.S.C. § 924(c) on collateral review. However, Petitioner's motion is untimely in that his conviction has been final for more than nine years, and he cannot satisfy the exception to the one year statute of limitations under 28 U.S.C. § 2255(f)(3).

Johnson affords Petitioner no collateral relief with regard to his § 924(c) conviction. First, Johnson did not address the statute under which Petitioner was convicted. Instead, Johnson ruled on the constitutionality of the residual clause of the ACCA, § 924(e)(2)(B)(ii). The Supreme Court has never held that any part of § 924(c) is unconstitutionally vague. Nor has the Eleventh Circuit Court of Appeals extended Johnson's vagueness determination to § 924(c).

In addition, Petitioner's conviction under § 924(c)(1)(A) is valid regardless of whether the residual clause of § 924(c)(3)(B) is unconstitutional in light of Johnson. Petitioner's conviction in count four is based on an armed robbery charged in count three, and armed robbery constitutes a crime of violence under the use, attempted use, or threatened use of force clause of § 924(c)(3)(A). The Court finds the case of In re Hines instructive in this matter. See In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016) (concluding that a companion conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), clearly qualifies as a crime of violence under the § 924(c)(3)(A) use of force clause without regard to the § 924(c)(3)(B) residual clause).

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that:

(1) The Government's motion to dismiss Petitioner's § 2255 motion as untimely (CV-Doc. 7) is **GRANTED**.

(2) Petitioner's Motion to Vacate (CV-Doc. 1; CR-Doc. 113) is **DISMISSED**.

(3) The Clerk is directed to enter judgment for the United States in the civil case and then to **CLOSE** the civil case.

**DONE AND ORDERED** at Tampa, Florida, on October 18, 2016.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge